IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GONZALEZ, et al.,<br><br>       Plaintiffs,<br><br>   vs.<br><br>TULARE COUNTY SHERIFF'S DEPUTY<br>G. MARKS, et al.,<br><br>       Defendants. | 1:07-cv-00949 OWW GSA<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL THE DEPOSITION<br>OF PLAINTIFF DAVID GONZALEZ AND<br>THE DISCLOSURE OF DAVID<br>GONZALEZ' MENTAL HEALTH RECORDS<br>(Document 32) |

Defendants filed the instant motion to compel on December 4, 2008. The parties filed an untimely joint statement of discovery dispute on January 8, 2009, and the Court dropped the matter from the hearing calendar pursuant to Local Rule 37-251. On January 15, 2009, Defendants filed an ex parte application to shorten time for hearing on the motion to compel. The Court granted the ex parte application. The motion was heard on January 23, 2009, before the Honorable Gary S. Austin, United States Magistrate Judge. Kevin Little appeared telephonically on behalf of Plaintiffs. Teresa Saucedo appeared telephonically on behalf of Defendants.

BACKGROUND

Plaintiff David Gonzalez ("Gonzalez") filed the present action on June 27, 2007,

1

alleging that the defendants violated his civil rights under 42 U.S.C. § 1983.  According to the corrected complaint, Gonzalez is mentally disabled and, on June 28, 2005, he was suffering the effects of his mental illness, causing his family to call 911 seeking emergency mental health assistance.  It is alleged that Tulare County Sheriff's Deputies and a mental health worker used substantial, unreasonable and unlawful force on Gonzalez, and he sustained serious injuries.  It is further alleged that on June 29, 2005, Gonzalez was again attacked by Tulare County Sheriff's deputies while in custody.

By the instant motion, Defendants seek the deposition of Gonzalez and his related mental health records.  In connection with the deposition, Defendants explain that they attempted to schedule a deposition of Gonzalez, and his legal counsel claimed that Gonzalez was not competent to testify and is represented by his parents in this action.  On December 1, 2008, Defendants served a notice of deposition of Gonzalez on Plaintiff's counsel.  Plaintiff's counsel again claimed that Gonzalez was mentally incompetent and would not be presented at deposition.

In connection with Gonzalez' mental health records, Defendants explain that they have made numerous requests of Plaintiff's counsel to provide either a Release of Protected Health Information or the records.  Defendants further explain that they sent a final request for a signed release to Plaintiff's counsel on November 21, 2008.  On December 1, 2008, Defendants' counsel received a Release of Protected Health Information signed by Gonzalez' father, but no supporting documentation indicating that Gonzalez' father has the authority to sign the release on Gonzalez' behalf.  Defendants are unaware of any finding that Gonzalez has been deemed incompetent or that his parents have been appointed as legal representatives or guardians in this matter.

Plaintiff's counsel contends that Gonzalez cannot abide by the oath of witnesses to testify truthfully based on his own personal knowledge, cannot competently sign a release for the production of his mental health records in the possession of third parties and further discovery into Plaintiff's mental health history is unnecessary.

2

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) establishes the scope of discovery and states, in relevant part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

    1.     Deposition of Plaintiff David Gonzalez.

Defendants want to depose Plaintiff Gonzalez regarding the events he alleges in his complaint. Plaintiffs' counsel objects and has asserted that Gonzalez is incompetent, cannot provide competent deposition testimony and his deposition would not likely lead to the discovery of admissible evidence. Plaintiffs assert that the Court should hold an *in camera* hearing to determine if Gonzalez can meet the requirements of the federal rules before ordering him to testify.

Although Plaintiffs' counsel has contended that Gonzalez is incompetent to testify, Plaintiffs have provided no supporting evidence for the Court to consider. There is no evidence that Gonzalez has been deemed incompetent, that he has no recollection of the events at issue, that a deposition would be futile, that there is a conservator for Gonzalez, that Gonzalez' parents represent him in this matter or that a guardian ad litem has been appointed

pursuant to Federal Rule of Civil Procedure 17(c).[1]

As discussed more fully below, the Court intends to order the production of David Gonzalez' mental health records. Therefore, Plaintiff David Gonzalez shall appear for deposition, as noticed by Defendants, no sooner than 10 days after his mental health records are produced and no later than 30 days after they are produced. Upon receipt of the deposition notice, Plaintiff David Gonzalez may renew his objections to the deposition by noticed motion.

### 2. David Gonzalez' Mental Health Records

Defendants seek access to Plaintiff Gonzalez' mental health records to support their accounts of the events alleged in the complaint. Defendants also seek such records for the purpose of obtaining an expert opinion on the nature of Plaintiff's illness and how the effects of his mental illness and his prescribed medications would have likely affected his behavior and his ability to accurately recall the events at issue in this matter. Defendant County indicates that it is willing to enter into a protective order requiring non-disclosure to any person other than attorneys, consultants or experts working in conjunction with this matter.

Plaintiffs argue that the defense seeks records of former and subsequent treatment to allow their expert to formulate "profile evidence" that will likely be inadmissible at trial. Plaintiffs also indicate that counsel has provided the only release that can be provided, signed by Gonzalez' father and caretaker, and that Gonzalez cannot validly waive his own medical privacy rights. Plaintiffs also contend that they have already provided the mental health records directly related to this incident, including the records of Gonzalez' diagnoses and medications at the time of the incident. At hearing, defense counsel indicated that the medical records received regarding Plaintiff Gonzalez pertain only to eye treatments and not to mental health.

---

[1] At hearing, Plaintiffs' counsel asserted no opposition to the appointment of a guardian ad litem in this case, but has not sought such appointment in this case. If appropriate, Plaintiff shall apply for the appointment of a guardian ad litem by noticed application.

4

Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Therefore, as Plaintiff Gonzalez has placed his mental health at issue by, among other things, seeking damages for emotional distress and mental anguish, Plaintiff's mental health records are relevant and discoverable under Fed. R. Civ. P. 26(b).

Defendants have indicated that Plaintiff Gonzalez' mental health records are in the custody of Tulare County Mental Health and to secure such records they need a Release of Protected Health Information signed by the Plaintiff or a court order.

Disclosure of Plaintiff Gonzazlez' mental health records is governed, in part, by the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA's privacy provisions allow for disclosure of medical information in the course of administrative or judicial proceedings. However, HIPAA places certain requirements on both the medical professional providing the information and the party seeking it. *See* 45 C.F.R. § 164.512(e). Under HIPAA, disclosure is permitted, *inter alia,* pursuant to a court order, subpoena, or discovery request when the healthcare provider "receives satisfactory assurance from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order...." 45 C.F.R. § 164.512(e)(1)(ii)(B). The protective order must prohibit "using or disclosing the protected health information for any purpose other than the litigation ..." and "[r]equire [ ] the return to the covered entity or destruction of the protected health information ... at the end of the litigation or proceeding." 45 C.F.R. § 164.512(e)(1)(v); *see also Crenshaw v. MONY Life Ins. Co.,* 318 F.Supp.2d 1015, 1029 (S.D.Cal. 2004).

Here, the Court orders the production of Gonzalez' mental health records from the time period of June 28, 2005, through August 2005 in the possession of Tulare County Mental Health to Defendants' counsel within 30 days of the date of this order. In keeping with HIPAA, the parties are prohibited from using or disclosing Gonzalez' mental health records for any purpose other than the litigation of this matter. Disclosure is limited to attorneys, consultants or experts working in conjunction with this matter. At the conclusion

of this litigation, the parties shall return or destroy such records, including all copies.

It is further ordered that the discovery deadline in this matter is extended for an additional 60 days from the date of this order solely for the purpose of obtaining Plaintiff Gonzalez' mental health records and completing his deposition.

## CONCLUSION

Based on the above, Defendants' motion to compel is GRANTED.

IT IS SO ORDERED.

Dated: **January 26, 2009**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE